IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BEN OLDAKOWSKI,

                                                                                                            ORDER

                            Petitioner,

                                                                                                   13-cv-413-bbc

     v.

STATE OF WISCONSIN and
DEB McCULLOCH,

                           Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Ben Oldakowski is in the custody of the Wisconsin Department of Health Services at the Sand Ridge Secure Treatment Center located in Mauston, Wisconsin. Invoking 28 U.S.C. § 2254, petitioner seeks a writ of habeas corpus to challenge his continued civil commitment as a "sexually violent person" under Wis. Stat. ch. 980. Petitioner has paid the $5 filing fee and this case is now pending before the court on preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

      Since his civil commitment in 1994, petitioner has filed numerous petitions for discharge and supervised release in his state court commitment case. State v. Oldakowski, 1994CF1201 (Wis. Cir. Ct. Dane County). However, the subject of the present federal petition is a petition for a writ of habeas corpus that petitioner filed originally on July 14, 2011 in the Circuit Court for Juneau County. In that petition, he contended that the state

1

relied on improper evidence during his commitment hearing. Oldakowski v. McCulloch, 2011CV258. (It is not clear whether petitioner was challenging his initial commitment or continuation hearings.) The circuit court concluded that the petition was meritless and denied it. Petitioner appealed and the Wisconsin Court of Appeals summarily affirmed the denial under Wis. Stat. § 809.21. Oldakowski v. McCulloch, 2011AP1977 (Apr. 4, 2013). Petitioner is now attempting to challenge the court of appeals' decision through his federal habeas petition.

Petitioner appears to be making a due process argument regarding the evidence that was presented at his confinement hearings. However, petitioner cannot bring a due process claim in this court because he has not finished presenting it to the state courts. Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). To comply with the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Petitioner concedes in his petition that he has not exhausted his remedies in state court. In particular, he says that he did not appeal the court of appeals' recent decision to the Wisconsin Supreme Court because his previous attempts to challenge his confinement in state court have been "futile" and "[t]he state courts are not being lenient to [him] as an uneducated, pro se litigant with extremely restricted law library access." Dkt. #1 at 5.

2

However, petitioner is not excused from seeking review in the Wisconsin Supreme Court simply because he does not think he will win there. Petitioner must seek review in the Wisconsin Supreme Court before this court can consider his claim. Accordingly, I am dismissing the petition for petitioner's failure to exhaust his remedies in state court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that the petition should be dismissed because petitioner failed to exhaust his state court remedies. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Ben Oldakowski's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is

3

DISMISSED WITHOUT PREJUDICE for his failure to exhaust his remedies in state court. Petitioner is free to refile a timely petition after he has finished presenting his claims to the Wisconsin state courts.

 2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

 Entered this 12th day of August, 2013.

        BY THE COURT:
        /s/
        BARBARA B. CRABB
        District Judge