IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BEN OLDAKOWSKI,

                                                                                                               ORDER

                              Petitioner,

                                                                                                              13-cv-413-bbc

    v.

STATE OF WISCONSIN and
DEB McCULLOCH,

                              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Judgment was entered on August 12, 2013, dismissing Ben Oldakowski's petition for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for petitioner's failure to exhaust his administrative remedies in state court. Also in that order I denied petitioner's request for a certificate of appealability. Now, petitioner has filed a notice of appeal. Because petitioner has not paid the $455 filing fee for his appeal, I construe his notice as a request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal.

       Because this notice of appeal was received by the court on September 24, 2013, more than six weeks after the court's August 12 judgment closing this case, the appeal may be untimely. However, I will not deny it for that reason, because only the Court of Appeals for the Seventh Circuit may determine whether it has jurisdiction to entertain an appeal. <u>Hyche v. Christensen</u>, 170 F.3d 769, 770 (7th Cir. 1999). Therefore, I will consider defendant's request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal.

Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. Walker v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). Petitioner does not have the means to pay for filing but I conclude that his appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). I find that petitioner is unable to meet this standard. Petitioner does not dispute that he failed to seek review from the Wisconsin Supreme Court before bringing the action in this court. Accordingly, petitioner's request to proceed in forma pauperis on appeal will be denied.

Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), including a statement of issues that petitioner intends to present on appeal. Also, petitioner's motion must be accompanied by a copy of this order. Petitioner should be aware that these documents should be filed in addition to the notice of appeal he has previously filed. If petitioner does not file a motion requesting review of this

order, it is unlikely that the court of appeals will address this court's denial of leave to proceed in forma pauperis on appeal. Instead, it will require petitioner to pay the entire $455 filing fee before it considers his appeal. If petitioner fails to pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that petitioner Ben Oldakowski's request for leave to proceed in forma pauperis on appeal, dkt. #7, is DENIED. I certify that petitioner's appeal is not taken in good faith. The clerk of court is directed to insure that petitioner's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial record.

Entered this 1st day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge